NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

CANTEX, INC., a Delaware corporation, *Plaintiff/Appellant*,

*v.*

PRINCETON EXCESS AND SURPLUS LINES INSURANCE COMPANY,
a Delaware corporation, *Defendants/Appellees*.

No. 1 CA-CV 15-0280
FILED 6-2-2016

---

Appeal from the Superior Court in Mohave County
No. L8015CV201407073
The Honorable Charles W. Gurtler, Jr., Judge

**VACATED AND REMANDED**

---

COUNSEL

Squire Patton Boggs (US) LLP, Phoenix
By George I. Brandon, Donald A. Wall, Gregory A. Davis (argued),
Gregory S. Schneider
*Counsel for Plaintiff/Appellant*

Wright Welker & Pauole PLC, Phoenix
By Matthew W. Wright, Christopher S. Welker (argued)
*Counsel for Defendant/Appellee, Princeton Excess and Surplus Lines Insurance*

---

**MEMORANDUM DECISION**

Judge John C. Gemmill delivered the decision of the Court, in which
Presiding Judge Andrew W. Gould and Judge Margaret H. Downie joined.

**G E M M I L L**, Judge:

¶1        Cantex, Incorporated ("Cantex") appeals the Mohave County Superior Court's grant of summary judgment in favor of Princeton Excess and Surplus Lines Insurance Company ("PESLIC").[1]   For the following reasons, we vacate the superior court's grant of summary judgment in favor of PESLIC and remand for further proceedings consistent with this decision.

## BACKGROUND

¶2        Cantex contracted with RBR Construction, Incorporated ("RBR") to construct a building and a 480,000 square foot concrete slab ("the work") at Cantex's facility in Kingman.   During the course of the construction, Cantex discovered that a portion of RBR's work was defective, causing the concrete to crack, spall, and deteriorate.   After litigation in superior court, RBR was found at fault for the defective work. The court awarded Cantex over $3.9 million in damages against RBR.

¶3        After entry of the judgment, RBR assigned to Cantex all of its rights under applicable insurance policies, including RBR's primary policy issued by Old Republic Insurance Company ("ORIC") and RBR's excess insurance policy issued by PESLIC ("the PESLIC policy").   ORIC paid Cantex its policy limit of $1 million, but PESLIC denied coverage for RBR and refused to pay in satisfaction of Cantex's judgment.   Cantex then filed an insurance coverage action, alleging, as relevant here, breach of contract against PESLIC and seeking declaratory relief.

¶4        PESLIC filed a motion to dismiss Cantex's suit, arguing there was no coverage as a matter of law under an exclusion for property damage contained in section I(A)(2)(j)(6) of the insurance policy ("the faulty workmanship exclusion").[2]   Cantex argued it possessed and used the

---

[1]  Scottsdale Insurance Company ("Scottsdale") was originally a party to this appeal but has since been dismissed by stipulation of the parties.

[2]  PESLIC issued a "following form" excess policy.   That is, the PESLIC policy adopts the language of the ORIC policy unless otherwise stated.   The PESLIC policy does not itself explicitly include the coverage provisions at issue here.   All references to policy language therefore refer to the ORIC

portion of the work at issue consistent with the policy's "products-completed operations hazard." Accordingly, Cantex contended the faulty workmanship exclusion did not apply and PESLIC wrongfully denied coverage. Cantex also argued PESLIC's motion to dismiss improperly relied on materials outside the pleadings and asserted the court should treat it as "an incomplete and unsupported motion for summary judgment" under Arizona Rule of Civil Procedure ("Rule") 56.

¶5 Treating the motion as one for summary judgment, the court granted judgment in favor of PESLIC. The court determined there was no genuine issue of material fact because the "contract define[d] the process and procedure with respect to substantial completion, as well as the intended use and the occupancy; and that the policy of [PESLIC] expired prior to the architect's certification for the intended use." Cantex timely appeals, and this court has jurisdiction under Arizona Revised Statutes ("A.R.S.") § 12-2101(A).

## DISCUSSION

¶6 Cantex contends the language of the insurance policies does not support the court's ruling and that a question of fact exists as to whether the PESLIC policy's coverage applied. We review de novo a trial court's grant of summary judgment. *Strojnik v. Gen. Ins. Co. of Am.*, 201 Ariz. 430, 433, ¶ 10 (App. 2001). We view the facts in the light most favorable to the non-moving party, *BAC Home Loans Servicing, LP v. Semper Inv. LLC*, 230 Ariz. 587, 589, ¶ 2 (App. 2012), and affirm unless the evidence presented in support of the judgment has "so little probative value . . . that reasonable people could not agree with the conclusion advanced," *Orme School v. Reeves*, 166 Ariz. 301, 309 (1990).

¶7 The faulty workmanship exclusion excludes coverage for "that particular part of any property that must be restored, repaired or replaced" because "'[RBR's] work' was incorrectly performed." But the policy further provides that the faulty workmanship exclusion "does not apply to 'property damage' included in the 'products-completed operations hazard.'" Section V(16)(a)(2) of the policy provides, in pertinent part, that the products-completed operations hazard includes:

a. [A]ll "bodily injury" and "property damage" occurring

---

policy unless otherwise noted. The ORIC policy is a standard Commercial General Liability coverage form, CG 00 01 12 04.

away from premises you own or rent and arising out of "your product" or "your work" except:

. . .

(2) Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

(a) When all of the work called for in *your contract* has been completed.

(b) When all of the work to be done at the job site has been completed if *your contract* calls for work at more than one job site.

(c) *When that part of the work done at a job site has been put to its intended use* by any person or organization other than another contractor or subcontractor working on the same project.

(Emphasis added.) Accordingly, if the work in question was "completed" because it was "put to its intended use" by Cantex before the expiration of the PESLIC policy, it comes within the products-completed operations hazard, and as a result, the faulty workmanship exclusion does not apply and coverage exists.

¶8 Cantex argues the superior court erred by finding the underlying construction contract between Cantex and RBR ("the Cantex-RBR contract") unambiguously defined "intended use" to mean "substantial completion." Cantex asserts instead that whether the work was put to its intended use for the purposes of the products-competed operations hazard is a genuine issue of material fact dependent upon the intent of the parties, the conduct of the parties, and the status of the work.

¶9 The interpretation of a contract, including whether a contract is ambiguous, is a question of law this court reviews de novo. *See Hartford v. Indus. Comm'n*, 178 Ariz. 106, 111 (App. 1994); *Ahwatukee Custom Estates Mgmt. Ass'n v. Turner*, 196 Ariz. 631, 634, ¶ 5 (App. 2000). If a contract contains ambiguous language, the meaning of such language is subject to "a factual determination concerning the intent of the parties." *Hartford*, 178 Ariz. at 111; *Taylor v. State Farm*, 175 Ariz. 148, 154 (1993) (holding that when a contract term is "reasonably susceptible" to more than one interpretation, extrinsic evidence is admissible to discern the parties' intent).

¶10        For the products-completed operations hazard to apply, the work in question must be deemed "complete" because it was put to its "intended use." The PESLIC policy does not define the term "intended use." To determine whether the work was put to its intended use, the superior court relied on the Cantex-RBR contract's detailed provisions for certifying the work as "substantially complete." According to the Cantex-RBR contract, substantial completion is accomplished when the work conforms to the contract specifications "so that the owner can occupy or utilize the work *for its intended use* without disturbance or interruption." (Emphasis added.) Relying on this provision, the superior court found that the definition of "intended use" was synonymous with "substantial completion," as that term is used in the Cantex-RBR contract. Cantex did not obtain a certificate of substantial completion until December 18, 2007. Because PESLIC's excess policy expired on November 1, 2007, the superior court found it did not provide coverage for the damage at issue.

¶11        But regardless of whether the Cantex-RBR contract defines "intended use," we cannot say as a matter of law that the PESLIC policy defines that term in the same way. In the PESLIC policy, subsections (2)(a), (2)(b), and (2)(c) of the products-completed operations hazard define three alternatives for determining the point in time at which the work may be deemed complete. In the first two alternatives, (2)(a) and (2)(b), the policy uses the words "your contract," which in context necessarily refer to the Cantex-RBR contract. Specifically, subsection (2)(a) provides that "'your work' will be deemed completed . . . when all of the work called for in *your contract* has been completed." Subsection (2)(b) explains the work is deemed complete "[w]hen all of the work to be done at the job site has been completed if *your contract* calls for work at more than one job site." (Emphasis added.) Because the use of "your contract" in these subsections refers unambiguously to the insured's construction contract, we agree with the superior court and PESLIC that the language of the Cantex-RBR contract is important and potentially persuasive in construing this portion of the policy language.

¶12        But subsection (2)(c) — the language both parties agree is at issue here — is different. It provides the third alternative for determining when the work in question is complete: "that part of the work done at a job site" will be deemed complete when it "has been put to its intended use." In contrast to subsections (2)(a) and (2)(b), subsection (2)(c) does not contain the words "your contract." Because "your contract" is not referenced in subsection (2)(c), the logic of using the Cantex-RBR contract to interpret "intended use" is diminished. Additionally, the language referring to "that *part* of the work done at a job site," suggests that a "part" or portion of the

work — less than the whole of the project — may nonetheless be deemed as having been put to its "intended use" before the rest of the project is complete. A plain reading of the PESLIC policy, especially when reading subsection 2(c) in contrast to subsections 2(a) and 2(b), is reasonably susceptible to Cantex's interpretation — i.e., that the parties contemplated a meaning of "intended use" that is not necessarily synonymous with "substantial completion" as it is used in the Cantex-RBR contract. Even though PESLIC and the superior court have also set forth a logical interpretation of the meaning of "intended use," it is not the only potential meaning of the term.

¶13  We therefore conclude that the meaning of the policy language of subsection V(16)(2)(c) is not, on this record, susceptible of determination as a matter of law. Summary judgment was therefore not appropriate. The meaning of the words "[w]hen that part of the work done at a job site has been put to its intended use" is ambiguous and must be considered on remand in the context of the facts.[3]

## CONCLUSION

¶14  We vacate the superior court's grant of summary judgment in favor of PESLIC and remand for further proceedings consistent with this decision. Both parties have requested attorney fees under A.R.S. § 12-341.01. We deny PESLIC's request because it is not the successful party on appeal. In the exercise of our discretion and because the ultimately successful party in this litigation is yet to be determined, we also decline to award attorney fees to Cantex. Cantex is, nonetheless, entitled to its taxable costs upon compliance with Arizona Rule of Civil Appellate Procedure 21.



Ruth A. Willingham · Clerk of the Court
FILED: AA

---

[3] Because we hold the court erred by granting summary judgment in favor of PESLIC, we need not address Cantex's argument that the superior court erred by giving Cantex inadequate opportunity to present supplemental evidence under Rule 56.